UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

    Petitioner,

    v.

BARBARA SAMPSON,

    Respondent.[1]

    CASE NO. 2:08-CV-10722
    JUDGE BERNARD A. FRIEDMAN
    MAGISTRATE JUDGE PAUL J. KOMIVES

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should dismiss petitioner's application for the writ of habeas corpus for lack of jurisdiction. The Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

Petitioner Michael Garrison is a former state prisoner who, at the time he filed this action, was incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. According to the Michigan Department of Corrections' Offender Tracking Information System (OTIS) website, petitioner was released on parole on February 9, 2010.

On November 18, 2001, petitioner pleaded guilty to receiving and concealing stolen property. On January 6, 1992, he was sentenced to a term of two years' probation, with the first 180 days (less 82 days of credit for pretrial detention) to be served in the Clare County Jail. Petitioner

---

[1] By Order entered this date, Barbara Sampson has been substituted in place of Bruce Curtis as the proper respondent in this action.

did not appeal his conviction or sentence. Petitioner subsequently pleaded guilty to third-degree criminal sexual conduct and, in June 1994, was sentenced as an habitual offender, third offense, to a term of 2½-15 years' imprisonment. Petitioner was paroled in February 2002, subsequently pleaded no contest to another charge of third degree criminal sexual conduct, and in March 2004 was sentenced to an additional term of 5-15 years' imprisonment, to be served consecutive to his previously imposed term for which he was on parole.

In April 2006, petitioner filed a motion for relief from judgment in the trial court, challenging his 1991 plea based conviction on the following grounds:

  I. THERE WAS NO FACTUAL BASIS FOR THE DEFENDANT'S PLEA TO RECEIVING & CONCEALING STOLEN PROPERTY, AND THE FAILURE OF THE COURT TO QUESTION HIM CONCERNING HIS PLEA REQUIRES REVERSAL OF HIS CONVICTION.

  II. THE DEFENDANT WAS DENIED HIS RIGHT TO A JUVENILE WAIVER HEARING AND AN ADEQUATE STATEMENT OF REASONS FOR HIS BEING TRIED AS AN ADULT THEREBY DEPRIVING THE CIRCUIT COURT OF JURISDICTION IN VIOLATION OF DUE PROCESS.

  III. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHERE HIS COUNSEL ALLOWED HIM TO BE TRIED AS AN ADULT WITHOUT ANY BASIS OR JURISDICTION, AND FAILED TO CHALLENGE THE LACK OF A FACTUAL BASIS FOR HIS GUILTY PLEA.

  IV. THE DEFENDANT WAS DENIED HIS RIGHT OF DUE PROCESS WHERE NO RECORD OF ANY OF HIS COURT PROCEEDINGS WERE MADE, AND IF THEY WERE, HE WAS DENIED THE RIGHT TO THE TRANSCRIPTS NECESSARY TO PREPARE HIS APPEAL AFER HIS REPEATED REQUESTS TO PRODUCE THEM.

  V. THE DEFENDANT IS NOT REQUIRED TO SHOW "CAUSE AND PREJUDICE" IN THIS MATTER WHERE HE HAS NO PRIOR APPEAL, AND IS RAISING CLAIMS OF JURISDICTIONAL DEFECTS AND INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

> VI. THE DEFENDANT WAS DEPRIVED OF HIS RIGHT TO APPEAL HIS
> CONVICTION WHERE HE WAS NEVER INFORMED OF SAID RIGHT
> BY HIS TRIAL COUNSEL OR THE TRIAL COURT.

The trial court denied petitioner's motion on November 7, 2006. The Michigan Court of Appeals and Michigan Supreme Court both denied petitioner's applications for leave to appeal in standard orders, based on petitioner's "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Garrison*, 480 Mich. 1006, 742 N.W.2d 369 (2007).

On February 21, 2008, petitioner filed this application for the writ of habeas corpus. As grounds for the writ, he raises essentially the same claims that he raised in the state courts. Respondent filed her answer on October 24, 2008. She contends that the court lacks jurisdiction over petitioner's application, because petitioner was not "in custody" on the conviction at the time he filed the application. Petitioner filed a reply on December 24, 2008. For the reasons explained below, the Court should conclude that it lacks jurisdiction, and should dismiss the petition.

B.  *Analysis*

In order to attack a conviction through habeas corpus, a petitioner must be "in custody" pursuant to that conviction at the time the habeas application is filed. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis supplied by Court); *see also*, 28 U.S.C. § 2254(a). This requires "that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng*, 490 U.S. at 490; *see also, Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, a petitioner is released during the pendency of his petition, a court is not divested of

3

jurisdiction so long as the petitioner was "in custody" at the time the petition was filed. *See Carafas*, 391 U.S. at 238; *York v. Tate*, 858 F.2d 322, 324 (6th Cir. 1988). Thus, the question here is whether petitioner was "in custody under the 1991 conviction attacked in this habeas petition at the time the petition was filed on February 21, 2008. The Court should conclude that petitioner was not in custody on this conviction, and thus that it lacks jurisdiction over the petition.

There is no question that petitioner had been fully discharged from his sentence on the 1991 conviction at the time he filed his habeas application. Petitioner was sentenced on January 6, 1992, to a term of two years' probation, with the first 180 days to be spent in the county jail. The two year term of probation therefore expired on January 6, 1994, well before petitioner filed this application. When petitioner violated his probation in September 1993, the probation was revoked and on September 20, 1993, he was sentenced to a term of 11 months in the county jail, with credit for 293 days served. This term of confinement also expired well before petitioner filed his habeas application. Petitioner's subsequent imprisonment, for which he was "in custody" at the time he filed his habeas application, was the result of his subsequent criminal sexual conduct convictions. Thus, at the time he filed his application, petitioner was not "in custody" on the 1991 conviction which he is challenging in the current application.

Petitioner contends that his is "in custody" on the 1991 conviction because it was used to enhance his subsequent sentences. This precise argument was rejected by the Court in *Maleng*. In that case, the petitioner had been convicted and sentenced in state court in 1958. In 1978, he was sentenced on two convictions for offenses committed while he was on parole from the 1958 sentence. His 1958 conviction was used to enhance his 1978 sentence. He had also been sentenced to a federal term for a bank robbery committed while on parole. In 1985, while serving

the federal sentence, he filed a petition for writ of habeas corpus identifying the 1958 conviction as the one under attack. *See Maleng*, 490 U.S. at 489-90. In addressing whether petitioner was still "in custody" on the 1958 conviction so as to be able to challenge it on a petition for habeas corpus, the Court stated:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. *We hold that he does not*. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from conviction. . . . [To do so] would read the "in custody" requirement out of the statute and be contrary to the clear implication of the opinion in *Carafas v. LaVallee*.

*Maleng*, 490 U.S. at 492 (emphasis added); *see also, Marks v. Rees*, 715 F.2d 372, 374 (7th Cir. 1983); *Harris v. Ingram*, 683 F.2d 97 (4th Cir. 1982); *Hanson v. Circuit Court of First Judicial Circuit*, 591 F.2d 404, 407-09 (7th Cir. 1979); *Noll v. Nebraska*, 537 F.2d 967 (8th Cir. 1976); *Burns v. South Carolina*, 552 F. Supp. 421 (D.S.C. 1982). Thus, petitioner was not "in custody" on the 1991 conviction merely because it had been used to enhance the sentences for which he was in custody at the time he filed his habeas application.[2]

Petitioner also contends, citing *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818 (E.D. Mich. 2004) (Tarnow, J.), that because his conviction was being used to deny him parole on his current sentence, he meets the "in custody" requirement. *Ward* does not support petitioner's argument. To see why this is so, it is first necessary to consider some background Supreme Court law. In

---

[2]The Court need not determine whether petitioner could challenge a later sentence for which he is currently in custody and which was enhanced based on this conviction, *cf. Custis v. United States*, 511 U.S. 485 (1994), because, like the petitioner in *Maleng*, petitioner purports to attack only the original conviction, and not some subsequently imposed sentence which was enhanced based upon this conviction.

5

*Custis v. United States*, 511 U.S. 485 (1994), the Court held that a habeas petitioner could not collaterally attack the validity of an expired state conviction which was used to enhance a later sentence for which the defendant was in custody. The Court crafted a narrow exception for cases in which the prior, expired conviction was obtained in violation of the Sixth Amendment right to counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963), which the Court characterized as a "unique constitutional defect." *See Daniels v. United States*, 532 U.S. 374, 378 (2001) (discussing *Custis*, 511 U.S. at 490-97). Thus, except where the prior conviction was obtained where there was a failure to appoint counsel as required by *Gideon*, the prior conviction may not be collaterally attacked in a challenge to a subsequent sentence enhanced based on that prior conviction. *See id.*; *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001).

In *Ward*, the Court found that the petitioner could collaterally attack his prior, expired sentence through a challenge to his current sentence that had been enhanced based on that conviction because it fell within the *Gideon* exception. *See Ward*, 323 F. Supp. 2d at 827-28. Here, petitioner does not contend that he was without counsel at the time of his 1991 plea in violation of *Gideon*. On the contrary, the state court docket sheet shows that petitioner was represented by counsel, as does the transcript of petitioner's plea and sentencing. Thus, petitioner's case does not fall within the *Gideon* exception recognized in *Custis*, *Daniels*, and *Coss*, and applied by the Court in *Ward*.[3]

---

[3]It is true that petitioner contends that he was denied his right to counsel on appeal, and it appears that the Court in *Ward* may have relied on such a claim in invoking the *Gideon* exception. However, absence of counsel on appeal is not sufficient to invoke the *Gideon* exception. As the Court made clear, a *Gideon* violation is "'a unique constitutional defect.'" *Daniels*, 532 U.S. at 378 (quoting *Custis*, 511 U.S. at 496). As explained by another Judge of this Court:
> This exception does not aid petitioner here, however. While petitioner claims that he was denied the appointment of counsel on appeal, a denial of appellate counsel does not result in a "violation of the Sixth Amendment, as set forth in *Gideon*." The Sixth Amendment right to counsel as recognized in Gideon by its terms is a trial right which has no applicability to the appellate context. A defendant's right to counsel on appeal

And although the Court in *Ward* noted that the petitioner's eligibility for parole was being affected by his prior, uncounseled conviction, the basis for its decision was its conclusion that the *Gideon* exception was applicable, not the application of any general rule that a petitioner is "in custody" on any conviction so long as it may affect his chances of parole. Indeed, no such general rule exists. *See Van Zant v. Florida Parole Comm'n*, 104 F.3d 325, 328 (11th Cir. 1997); *Henrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989).

In support of his contention that he is "in custody" on the 1991 conviction, petitioner also relies on *Gentry v. Deuth*, 456 F.3d 687 (6th Cir. 2006). *Gentry* is inapposite. In that case, the petitioner was "in custody" at the time he filed his habeas petition. The question was whether his release prior to the adjudication of the petition rendered the case moot. Noting that the conviction being challenged carried with it "collateral consequences" which were still affecting petitioner despite his release, the court held that the case was not moot. *See Gentry*, 456 F.3d at 693-95; *see*

---

derives not from the Sixth Amendment, but from the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *See Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 160-61 (2000) (explaining that the right to appellate counsel is based on the Fourteenth Amendment and that "the Sixth Amendment does not apply to appellate proceedings."); *Evitts v. Lucey*, 469 U.S. 387, 392 (1985) (citing *Douglas v. California*, 372 U.S. 353 (1963)) (grounding right to appellate counsel in Fourteenth Amendment); *Tamalini v. Stewart*, 249 F.3d 895, 900-01 (9th Cir.2001) (discussing *Martinez* and *Evitts*). As noted above, the exception set forth in *Coss* is based on the unique nature of the Sixth Amendment right recognized in *Gideon*. Because a denial of appellate counsel does not implicate this unique Sixth Amendment right, the alleged lack of appellate counsel on petitioner's prior conviction does not provide a basis for attacking his current sentence which was enhanced by that conviction. *See Jackson v. Secretary for the Dep't of Corrections*, 206 Fed. Appx. 934, 937 (11th Cir.2006); *Penton v. Kernan*, --- F.Supp.2d ----, ----, 2007 WL 4547582, at *24 (S.D.Cal. Dec.20, 2007).

*Walker v. Palmer*, No. 06-13050, 2008 WL 360824, at *6 (E.D. Mich. Feb. 7, 2008) (Cohn, J., adopting report of Komives, M.J.); *see also*, *Simmons v. Kapture*, 474 F.3d 869, 886-88 (6th Cir. 2007) (Reeves, J., dissenting) (distinguishing fundamental nature of *Gideon* right to counsel at felony trial from right to counsel on appeal for purposes of retroactivity analysis), *adopted by en banc court*, 516 F.3d 450, 451 (6th Cir. 2008) (en banc).

*also*, *Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (where petitioner is in custody at time petition is filed, subsequent release does not moot petition where conviction carries with it continuing collateral consequences); *Carafas*, 391 U.S. at 237-38 (same). Here, the question is not whether petitioner's subsequent release mooted his claims filed while he was in custody, to which a collateral consequences inquiry is directed. Rather, the question here is whether petitioner was in custody at all on the 1991 conviction at the time he filed his habeas application. Petitioner's "argument . . . goes to mootness, and not to what is necessary for federal court jurisdiction under section 2254. The existence of collateral consequences of his conviction may enable a petitioner who has fully served a sentence he wished to challenge to avoid being dismissed on mootness grounds, but it will not suffice to satisfy the 'in custody' jurisdictional prerequisite unless, as in *Carafas* itself, federal jurisdiction has already attached." *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

Finally, petitioner contends that he may avail himself of an exception to the in custody requirement because it would have been impossible for him to have exhausted his claims in the state courts prior to the expiration of his custodial status in light of the short jail term imposed. In support of this claim, petitioner relies on *Sibron v. New York*, 392 U.S. 40 (1968). Again, petitioner's reliance on this case is misplaced. *Sibron* did not establish the rule petitioner invokes here. Rather, *Sibron* was a mootness case raising the same issue as *Carafas*. *See Sibron*, 392 U.S. at 52. the Court in *Sibron* noted that the short duration of petitioner's confinement constituted an exception to mootness, *see id*., but nothing in that case extends such a rule to the question of custody. In *Daniels* and *Coss* a plurality of the Court recognized that a petitioner not in custody when his petition is filed might be able to obtain relief in "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."

8

*Daniels*, 532 U.S. at 383 (plurality op. of O'Connor, J.); *Coss*, 532 U.S. at 405 (plurality op. of O'Connor, J.).[4] Assuming that such a rule accurately reflects the law, it is not applicable here. As the plurality noted, the rule is limited to those cases in which "*no* channel of review was actually available to" petitioner. "In such situations, a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." *Coss*, 532 U.S. at 406. Here, even assuming that the shortness of petitioner's sentence would have effectively precluded him from obtaining federal habeas review on that conviction, he was not left with "no channel for review" for that conviction. Petitioner could have filed a direct appeal, and he did file a motion for relief from judgment in the state court challenging that conviction. Given the *Daniels* and *Coss* plurality's focus on their being "no channel of review," the fact that petitioner "did not receive federal habeas review of his constitutional claims is of no moment." *Glenn v. Stalder*, No. 07-0178, 2007 WL 1791189, at *9 (W.D. La. May 29, 2007).

Further, petitioner's period of habeas "custody" on the 1991 conviction did not last for mere weeks, as he claims, because the period of his custody included not only his jail time but also his time on probation. It is clear that a person serving a term of probation is "in custody" for purposes of § 2241. *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005); *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004). Thus, petitioner was in custody on the 1991 conviction through the two year term of probation and the additional 11 month jail term imposed as a result of his probation violation. In these circumstances, petitioner cannot show that he had "no channel of review" available to him to come within the exception recognized by the *Daniels/Coss* plurality. Thus, the

---

[4]Although he joined the bulk of the Court's opinion, Justice Scalia did not join this portion. *See Daniels*, 532 U.S. at 385 (Scalia, J., concurring in part); *Coss*, 532 U.S. at 396 n.†.

Court lacks jurisdiction over the petition.

C.     *Recommendation Regarding Certificate of Appealability*

   1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C.

§ 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Here, it is not reasonably debatable that the Court lacks jurisdiction over petitioner's habeas application. It is undisputed that he was not in custody on the 1991 conviction he challenges here at the time the application was filed. Further, it is clear under *Custis*, *Daniels*, and *Coss* that petitioner may not challenge the 1991 conviction merely because it was used to enhance the sentence he was serving at the time he filed his habeas application. In light of this law, the conclusion that the Court lacks jurisdiction over petitioner's claim is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

D. *Conclusion*

In view of the foregoing, the Court should conclude that petitioner was not "in custody" on

the conviction he is challenging at the time he filed his habeas application. Accordingly, the Court should dismiss the application for lack of jurisdiction. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE

Dated: 5/14/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on May 14, 2010.

                                s/Eddrey Butts
                                Case Manager